UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
DENNISE CATOZELLA,

                                       Plaintiff,

                                                                    **OPINION & ORDER**

          - against -
                                                                     No. 18-CV-6660 (CS)

PLS RESTAURANT INC. (d/b/a CARLO'S RESTAURANT)
and as an individual, PETER SERVINO,

                                       Defendants.
------------------------------------------------------------------------x

Appearances:

Clif Bennette
Mount Kisco, New York
*Counsel for Plaintiff*

Paul W. Meyer, Jr.
Yonkers, New York
*Counsel for Defendants*

Seibel, J.

        Before the Court is Defendants' motion to dismiss Plaintiff's Complaint.  (Doc. 36.)  The

Court accepts as true the facts, but not the conclusions, set forth in Plaintiff's Complaint.  (Doc.

26 ("Compl.").)[1]

---

[1] Document 26, filed on November 20, 2018, is the operative Complaint because it is the only
version of the Complaint that includes the Complaint's exhibits.  For reasons discussed in this
Opinion and Order, however, I find that Plaintiff commenced this action on August 10, 2018,
when Plaintiff attempted to file the Complaint but the Court's Electronic Case Filing ("ECF")
System rejected the filing as a deficient pleading.  (Doc. 5.)  *See Rodriguez v. City of N.Y.*, No.
10-CV-1849, 2011 WL 4344057, at \*3 (S.D.N.Y. Sept. 7, 2011) (complaint filed without proper
signature did not invalidate timely filing of complaint); *see also Byars v. City of Waterbury*, No.
93-CV-1329, 1993 WL 513273, at \*1 (D. Conn. Dec. 2, 1993) (collecting cases where courts
declined to dismiss complaints timely submitted but not technically filed until after statute of
limitations had run).

## I.    BACKGROUND

Plaintiff Dennise Catozella worked as a waitress/server for Defendant PLS Restaurant

Inc. (the "Restaurant") until December 21, 2016, when Defendant Peter Servino, the Restaurant's

Chief Executive Officer, fired her.  (Compl. ¶¶ 11, 32; *see id.* at 1.)  In mid-September 2016,

Plaintiff told Servino she was pregnant, and she alleges Servino fired her about three months

later because of her pregnancy.  (*Id.* ¶¶ 16, 32, 33-37.)  Plaintiff had worked at the Restaurant for

about six years.  (*Id.* ¶ 11.)

On April 24, 2018, the Equal Employment Opportunity Commission ("EEOC") issued

Plaintiff a right-to-sue letter.  (Compl. Ex. A.)  On July 24, 2018, Plaintiff's counsel, Clif

Bennette, paid $400 as the filing fee to open this case in the United States District Court for the

Southern District of New York.  (*See* Doc. 35 at 9.)[2]  On July 25, 2018, the Court's ECF system

posted the following two notices to this case's docket:

> ***NOTICE TO ATTORNEY TO FILE CIVIL INITIAL PLEADING.  Notice to
> Attorney Cliffith Daniel Bennette to electronically file the initial pleading in this
> case.  Failure to file the initial pleading may result in the dismissal of the case
> pursuant to Amended Standing Order 15-mc-00131.  Initial Pleading due by
> 7/30/2018.  (pc) (Entered: 07/25/2018)[3]

> ***NOTICE TO ATTORNEY TO ELECTRONICALLY FILE CIVIL COVER
> SHEET.  Notice to Attorney Cliffith Daniel Bennette.  Attorney must electronically

---

[2] Doc. 35 comprises several documents that are not consecutively paginated, so citations to Doc.
35 – except the first four pages, which are Plaintiff's opposition memorandum, ("P's Opp.") –
refer to the page numbers generated by the Court's ECF System.

[3] Amended Standing Order 15-MC-131 provides:  "ORDERED, effective June 8, 2015, attorneys
seeking to commence a new civil action must do so electronically through the ECF System."
Amended Standing Order, No. 15-MC-131 (S.D.N.Y. Mar. 7, 2017).  The Amended Standing
Order further provides that any new civil actions filed electronically that contain deficiencies –
including "[t]he case initiating document contain[ing] the wrong document, an illegible or
unreadable document, *or no document*" – may be administratively closed without prejudice.  (*Id.*
at 2 (emphasis added).)

file the Civil Cover Sheet.  Use the event type Civil Cover Sheet found under the event list Other Documents.  (pc) (Entered: 07/25/2018)

(Docket Entries dated July 25, 2018.)  On August 1, Plaintiff's counsel filed the civil cover sheet, (Doc. 1), and a request for the issuance of summonses, (Doc. 2), but on the same day a message was posted to the docket notifying Mr. Bennette that his request constituted a filing error because the summons was "not linked to [the] corresponding pleading" – *i.e.*, no summons could be issued because there was no corresponding Complaint.  *See* Fed. R. Civ. P. 4(c)(1) ("A summons must be served with a copy of the complaint.").  The case was assigned to Chief Judge Colleen McMahon and designated ECF.  (Docket Entries dated Aug. 1, 2018.)  ECF also sent Mr. Bennette an amended case opening administrative closing order that provided, in pertinent part:

> New civil actions filed electronically that contain the following deficiencies may be administratively closed without prejudice and summonses may not be issued unless the deficiency is corrected within five (5) days of electronic transmission by the Clerk of a Notice of Deficient Filing:  The case initiating document contains the wrong document – an illegible or unreadable document or no document.[]  Where a new civil action is administratively closed for a reason listed above and the party cures the deficiency within 60 days of the case closing, the party should seek to reopen the case by electronically filing a Notice of Application to Reopen Case through the ECF system.  Such Notice shall describe the efforts to cure the deficiency and seek to reopen the case.  The Clerk shall review such Notice and, if the deficiency is satisfactorily cured, reopen and randomly reassign the case.

(Doc. 3.)  On August 2, another notice was posted stating that the summons request was deficient because it was not linked to a corresponding pleading.  (Docket Entry dated Aug. 2, 2018.)  On August 3, Plaintiff filed an application to reopen the case in which he claimed that he thought he had properly uploaded the Complaint and requested that the Court change the filing date to July 24, 2018, the date he paid the filing fee to open this case, to avoid the expiration of the statute of limitations.  (Doc. 4 at 1.)  On August 8, Mr. Bennette still had not filed his client's initial pleading, and ECF again instructed Mr. Bennette to electronically file it.  (Docket Entry dated Aug. 8, 2018.)  Mr. Bennette tried to file the Complaint on August 10 and August 14, 2018,

(Docs. 5, 7), but on both occasions he was advised of filing errors, (Docket Entries dated Aug.

10, 13, 16, 17, 2018). On August 13, the case was reopened and assigned to me. (Docket Entry

dated Aug. 13, 2018.) On August 17, Mr. Bennette filed the Complaint, (Doc. 9); a month later

he obtained the summons, (Docs. 10-11); Defendants answered on October 25, (Doc. 13); and

the Court on the same day scheduled an initial conference for November 20, (Doc. 14).

But on October 31, Defendants' counsel informed the Court that while Mr. Bennette had

finally filed the Complaint, none of the exhibits referenced therein had been attached. (Doc. 15.)

On November 1, 2018, I ordered Mr. Bennette to file his client's Complaint with the exhibits

attached no later than November 5, 2018. (Doc. 16.) Mr. Bennette ignored the Court's deadline

without explanation. Having not heard from Mr. Bennette, on November 6, 2018, I ordered him

to show cause in writing, no later than November 8, 2018, why he should not be held in

contempt of court for failing to abide by my November 1, 2018 Order. (Doc. 18.) I further

ordered Mr. Bennette to comply with the terms of my November 1, 2018 Order by the end of the

day. (*Id.*) Again, Mr. Bennette ignored the Court's deadline without explanation.

Having not heard from Mr. Bennette, on November 13, 2018 I held:

> Mr. Bennette is now in contempt of my 11/1/18 and 11/6/18 Orders, unless he is deceased, unconscious or otherwise physically unable to comply. I am having a similar problem with him in another case, so I suppose it is possible. But the only information I have is that my Orders are being ignored. I will determine the contempt sanction at the already scheduled 11/20/18 conference. Should Mr. Bennette fail to appear, the case is likely to be dismissed for failure to prosecute, but the contempt order will stand.

(Doc. 21.)

On November 20, 2018, at 11 a.m., the Court held the previously scheduled initial

conference. (Minute Entry dated Nov. 20, 2018.) Mr. Bennette did not appear and never called

or emailed the Court or opposing counsel to explain his absence. Instead of appearing in Court,

Mr. Bennette was apparently attempting to refile the exhibits I had asked him to file in my

November 1, 2018 Order: the Court received Notifications of Electronic Filings ("NEFs") in this

case at 11:30 a.m., 11:34 a.m., and 11:37 a.m., reflecting Mr. Bennette's attempts to file the

missing exhibits. (Docs. 23-25.) The Clerk of Court rejected these attempts to file stand-alone

exhibits. (*See* Docket Entries dated Nov. 20, 2018.)

At the conference, based on Mr. Bennette's many failures to heed the Court's Orders, I

found Mr. Bennette to be in contempt of court and ordered him to pay $900 to Defendants'

counsel, reflecting the approximate amount of time Defendants' counsel spent writing letters to

the Court and appearing at the conference. (Minute Entry dated Nov. 20, 2018; Doc. 27.) Later

that day, Mr. Bennette finally filed the Complaint with the attached exhibits. (Compl.) On the

same day, I memorialized my contempt finding in an Order and further ordered Mr. Bennette to

show cause why he failed to appear for the November 20 conference and why this case should

not be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

(Doc. 27.)

In response to the Court's Order to Show Cause, Mr. Bennette filed two documents on

November 29. The first document filed was incoherent: it was styled as an order for Defendants

to show cause why the case against Defendants should not be dismissed for Plaintiff's failure to

prosecute, (Doc. 30), which made no sense given that I had already ordered Mr. Bennette to

show cause and there would be no reason why Defendants would object to dismissal. The

second document Mr. Bennette filed was his affidavit explaining why the case should not be

dismissed. (Doc. 31.) Mr. Bennette apologized for the inconvenience he had caused and

explained that his absence at the conference was "not purposeful" or in any way "a manifestation

of contempt for the [C]ourt," but instead due to "forgetfulness and disorganization." (*Id.* at 3.)

Mr. Bennette also claimed that "user error, bug, or [ECF's] purposeful interface design" prevented him from attaching exhibits to his Complaint and that NEFs that said "designated ECF" and "initially assigned" led him to believe he had properly filed his complaint. (*Id.*) Finally, Mr. Bennette informed the Court that when the email address he provided to the Court was up for renewal, Mr. Bennette instructed the service provider to cancel all services except for his email address, but the service provider canceled his email service anyway. (*Id.* at 4.)[4]

On December 12, Defendants filed an answer to Plaintiff's Complaint. (Doc. 32.) On January 18, 2019, I held a conference at which Defendants expressed a desire to move to dismiss the Complaint, and I set a briefing schedule for the motion, which provided that Plaintiff's opposition papers were due on March 5. (Minute Entry dated Jan. 18, 2019.) On February 19, Defendants attempted to file their motion to dismiss, but ECF rejected the filings. (Doc. 33.) On March 7 – two days after Mr. Bennette's deadline to file his opposition papers – Mr. Bennette filed a document he labeled as a notice of a motion but captioned "Opposing Dismissal Pursuant to FRCP 12(c)." (Doc. 34.) This one-and-one-half-page document contained no opposition but referred to a memorandum of law and affirmation with exhibits, and claimed that "exigent circumstances" had prevented its timely filing. (*Id.*) On March 8 (now three days late), Mr. Bennette filed his opposition memorandum. (Doc. 35.) The Court – puzzled by the filing from the day before – ordered Mr. Bennette to file his affidavit and exhibits by the end of the day or I would deem the motion fully submitted. (Doc. 39.) That same day, Defendants refiled the motion papers that they had attempted to file on February 19, including their motion, (Doc. 36),

---

[4]As discussed below, documents Mr. Bennette later provided showed that his service had been canceled when his automatic renewal failed, likely because of an invalid or expired credit card on file, (Doc. 35 at 17-20), and that he had been so informed on October 20, 2018, (*id.* at 17).

affidavit of counsel, (Doc. 37), and memorandum of law, (Doc. 38 ("Ds' Mem.")), and Mr.

Bennette successfully filed his affirmation and exhibits, (Doc. 40).[5]  Defendants filed counsel's

reply affidavit on March 19.  (Doc. 41.)[6]

Plaintiff alleges claims for violation of Title VII of the Civil Rights Act of 1964, as

amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k), violation of New

York State Executive Law § 296(1), and "retaliation based on Plaintiff's requests for

accommodation," although it is not clear whether that claim is brought under federal or state law.

(Compl. ¶¶ 47-68.)

## II.     DISCUSSION

### A.      Legal Standard

A defendant may raise a statute of limitations defense in a Rule 12(b)(6) motion to

dismiss.  *Gelber v. Stryker Corp.*, 788 F. Supp. 2d 145, 153 (S.D.N.Y. 2011) (citing *Ghartey v.*

*St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989)).  In making their motion, Defendants

relied on documents attached to the Complaint and found in the docket of the case, both of which

are proper to consider on a motion to dismiss.  *See Weiss v. Inc. Village of Sag Harbor*, 762 F.

Supp. 2d 560, 567 (E.D.N.Y. 2011).  In opposition, Plaintiff attached several documents from

---

[5] Document 40 comprises several documents that are not consecutively paginated, so citations to Doc. 40 – except the first four pages, which comprise Mr. Bennette's Affirmation ("Bennette Affirm.") – refer to the page numbers generated by the Court's ECF System.

[6] On September 11, 2018, Mr. Bennette faxed to chambers a document entitled "Application to change case 'File Date' to July 24, 2018."  (Doc. 40 at 6-7.)  Mr. Bennette repeatedly claims that the Court granted this application.  (*Id.* at 1; P's Opp. at 1-3.)  This never occurred, which may explain why Mr. Bennette provides no evidence that it did.  Although he states that he was "orally" advised that the application had been granted, (P's Opp. at 2), the only oral information provided to Mr. Bennette by the Court's chambers was in response to his inquiry – sometime after November 1, 2018 – whether he could upload the missing exhibits, and he was informed that he had already been ordered to do so.

outside of the record, including email correspondence from GoDaddy, a domain registration and web hosting company, (Doc. 35 at 17-20; Doc. 40 at 11-12), and a letter from Daneen Mancuso, who apparently witnessed the conversation during which Servino fired Plaintiff, (Doc. 40 at 15).[7]

"Because [Plaintiff's] supplemental materials are considered in this opinion, the motion to dismiss must be converted to a motion for summary judgment." *Wall v. Town Sports Int'l*, No. 05-CV-3045, 2006 WL 226008, at *1 (S.D.N.Y. Jan. 31, 2006).  Ordinarily the Court may not convert a motion "without sufficient notice to an opposing party and an opportunity for that party to respond," *Groden v. Random House, Inc.*, 61 F.3d 1045, 1052 (2d Cir. 1995), but "formal notice is not required where a party should reasonably have recognized the possibility that the motion might be converted into one for summary judgment and was neither taken by surprise nor deprived of a reasonable opportunity to meet facts outside the pleadings," *Hernandez v. Coffey*, 582 F.3d 303, 307 (2d Cir. 2009) (internal quotation marks and alterations omitted).  Here, Plaintiff asked the Court to consider material beyond that which may be considered on a motion to dismiss, so there is no prejudice to her in my doing so and converting the motion. *See Metrokane, Inc. v. Wine Enthusiast*, 185 F. Supp. 2d 321, 325 (S.D.N.Y. 2002). "Summary judgment is appropriate if the evidence offered, viewed in the light most favorable to the non-moving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sira v. Morton*, 380 F.3d 57, 68 (2d Cir. 2004).

---

[7] The letter from Mancuso is not relevant to the issue raised by Defendants' motion and there is no need to consider it here.  In addition, Plaintiff attached a sheet that says "Exhibit D" but there is no attached exhibit. (*See* Doc. 40 at 13.)  Defendants pointed out this lapse in their reply papers, but Plaintiff's counsel has made no effort to rectify it.

**B.** **Timeliness of Filing**

Defendants argue that Plaintiff's claims are time-barred. (Ds' Mem. at 3-6.) A claim under Title VII must be filed within ninety days of the claimant's receipt of a right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1). "Normally it is assumed that a mailed document is received three days after its mailing. And normally it may be assumed, in the absence of challenge, that a notice provided by a government agency has been mailed on the date shown on the notice." *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525-26 (2d Cir. 1996) (citations omitted). Plaintiff's right-to-sue letter from the EEOC is dated April 24, 2018. (Compl. Ex. A.) Assuming it took three days for the right-to-sue letter to be delivered to Plaintiff, the ninety-day period in which Plaintiff must have brought her action began on April 27, 2018. Plaintiff does not dispute that April 27 is the date on which she received the right-to-sue letter. (*See* P's Opp. at 3.) Thus, any claim brought after July 26, 2018 – ninety days later – is time-barred.

The relevant inquiry is whether Mr. Bennette timely filed Plaintiff's Complaint on or before July 26, 2018. "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. "[F]or purposes of the statute of limitations, a federal action is commenced when the Complaint is filed without any further requirements," *Sanchez v. Ehrlich*, No. 16-CV-8677, 2018 WL 2084147, at *4 (S.D.N.Y. Mar. 29, 2018), and a complaint is considered filed when the Clerk of Court receives it, *see Kalican v. Dzurenda*, 583 F. App'x 21, 23 (2d Cir. 2014) (summary order) (citing *Rosenberg v. Martin*, 478 F.2d 520, 522 n.1a (2d Cir. 1973)); *see also Labounty v. Coombe*, No. 95-CV-2617, 2004 WL 830081, at *2 (S.D.N.Y. Apr. 13, 2004) ("In a suit brought to enforce rights under federal law, the filing of a complaint commences a federal civil action and tolls the statute of limitations."). Under this District's ECF Rules and Instructions, "a document filed electronically is deemed filed on the date and time stated on the

9

Notice of Electronic Filing (NEF) from the Court." *Electronic Case Filing Rules & Instructions*, U.S. Court for the Southern District of New York, (Feb. 1, 2019) ("ECF Rules and Instructions") § 3.2; *see Emblaze Ltd. v. Apple Inc.*, No. 10-CV-5713, 2011 WL 2419802, at *1 (S.D.N.Y. June 3, 2011).

Mr. Bennette argues that he timely filed Plaintiff's Complaint on July 24, 2018. (Bennette Affirm. ¶ 11; P's Opp. at 1-2.) The record shows otherwise. The docket for this case reflects that Mr. Bennette made zero attempts to file the Complaint between April 27, 2018 and July 26, 2018. On July 24 – just two days before his client's statute of limitations was set to expire – Mr. Bennette paid the $400 filing fee to open the case, but the docket shows no indication that Mr. Bennette attempted to file an initial pleading. On July 25, ECF sent a notice to Mr. Bennette informing him that he was required to electronically file the initial pleading. (Docket Entry dated July 25, 2018.) Despite receiving this NEF, (Doc. 35 at 11), and knowing that he had not received a NEF showing that the Complaint had been filed, Mr. Bennette did not file the Complaint before the statute of limitations ran.

Indeed, the docket sheet does not reflect any attempt to file the Complaint until August 10, 2018. (Doc. 5.) On that date, ECF sent a notification to Mr. Bennette explaining that the Complaint he filed was deficient. (Docket Entry dated Aug. 10, 2018.) The difference between the NEF Mr. Bennette received on July 25 – which instructed Mr. Bennette to file an initial pleading because no pleading had been filed – and the ECF notification he received on August 10 – informing Mr. Bennette that the initial pleading he did file was deficient – is significant. The August 10 ECF notification reflects Mr. Bennette's attempt to file an initial pleading, whereas the July 25 NEF reflects Mr. Bennette's failure to even attempt to file the Complaint. If Mr. Bennette had tried to file the Complaint on July 24, but it was rejected (as it was on August

10), Plaintiff's Complaint might have been considered to be timely filed because technical noncompliance with local or federal rules does not prevent the commencement of an action. *See* Fed. R. Civ. P. 5(d)(4) ("The clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice."); *Rodriguez*, 2011 WL 4344057, at *3 (deficient complaint filed before statute of limitations run constitutes valid commencement); *see also Byars*, 1993 WL 513273, at *1 (collecting cases). But no attempt was made to file the Complaint until August 10, 2018. Accordingly, this action was commenced on August 10, 2018, and Plaintiff's claims are time-barred.

I am unimpressed by Mr. Bennette's myriad excuses to shift blame for his own carelessness. Mr. Bennette claims that ECF's "poor design" contributed to the untimely filing of his client's Complaint. (Bennette Affirm. ¶ 16.) This is the same argument Mr. Bennette made when he filed an application to reopen his case: that ECF sent him the "confusing" message "NOTICE TO ATTORNEY TO FILE CIVIL INITIAL PLEADING." (Doc. 4 at 1.) Mr. Bennette explained that he thought that the message "didn't apply because the initial pleading had already been filed." (*Id.*) How an attorney could read such a clear directive – "Notice to attorney *to file civil initial pleading*" – and "interpret[] the message as confirmation that the case had been filed," (*id.*), is beyond my understanding. But even if Mr. Bennette found ECF's notification unclear, the correct response is not to simply assume that the message was "inapplicable." (P's Opp. at 2.) Mr. Bennette could have easily consulted the ECF Rules and Instructions manual, which is available online at the U.S. District Court's homepage. *See* U.S. District Court Southern District of New York, http://www.nysd.uscourts.gov (last visited Apr. 29, 2019). Had Mr. Bennette done so, he would have seen ECF Rule and Instruction § 19.5, which provides:

19.5  Do I receive a receipt when I file electronically?

Yes. When an electronic filing is successful the final screen will display a Notice of Electronic Filing (NEF), or filing receipt.  The NEF indicates what was filed, by whom, when it was filed and if a document number was assigned on the docket sheet.  If you do not see the NEF screen your filing may not have been successful and you are advised to check the docket sheet.

(ECF Rules and Instructions § 19.5.)  In sum, a small amount of diligence would have alerted Mr. Bennette to the fact that the Complaint had not been properly filed.  Mr. Bennette's hasty decision to disregard ECF's notification – knowing the statute of limitations on his client's case was about to run – was inexcusable.

Furthermore, Mr. Bennette's claim that that he did not receive all of the communications from the Court and ECF, (Bennette Affirm. ¶¶ 16-19, 23), does not account for his untimeliness and instead provides further evidence of his dereliction.  Mr. Bennette does not dispute that he received a NEF on July 25 instructing him to file the Complaint.  Mr. Bennette received this NEF, (P's Opp. at 11), and attempted (albeit tardily) to take remedial measures.  For example, on August 1, Mr. Bennette filed the civil cover sheet, (Doc. 1), as one of the July 25 NEFs had instructed him to do, (Docket Entry dated July 25, 2018).  And on August 3, Mr. Bennette filed an application to reopen his case, (Doc. 4), after the case had been administratively closed on August 1, (Doc. 3).  Why Mr. Bennette waited until July 24 to get the ball rolling in the first instance, and why he only responded to certain NEFs but not the NEFs instructing him to file the Complaint, are questions Mr. Bennette has not answered.

Even if I were to credit Mr. Bennette's story about losing email access, Mr. Bennette was only without email access between October 15 and November 17, well after the statute of limitations had expired.  (Bennette Affirm. ¶¶ 16, 18.)  And even without email access, it was

12

incumbent upon Mr. Bennette to regularly check the docket sheet for activity related to his

client's case. ECF Rule and Instruction § 13.14 provides:

> 13.14 Should I routinely view the docket sheet in my case?
>
> Yes. In ECF cases parties are alerted to case activity by a Notice of Electronic
> Filing (NEF) sent by email. However, e-mail is not infallible. It remains the duty
> of Filing and Receiving Users to regularly review the docket sheet of the case in
> order not to miss a filing and in order to ensure all items filed using his/her ECF
> password are authorized filings.

(ECF Rules and Instructions § 13.14.)[8] Thus, Mr. Bennette's excuse that he was without email

access is unpersuasive.[9]

While the Court may grant appropriate relief in the specific event of a technical failure

with the ECF system, (*id.* § 11), there was no such failure here. Although Plaintiff asks that the

Court deem the claim timely, *nunc pro tunc*, (P's Opp. at 3), I cannot do so when the statute of

limitations has run, absent equitable tolling, *see Wright v. N.Y. State Unified Court Sys.*, No. 14-

CV-4360, 2016 WL 11472251, at *2 (E.D.N.Y. Feb. 3, 2016) ("Where there is no showing of

---

[8] Further, Mr. Bennette himself has provided an email from his service provider dated October
20, 2018, directed to his Verizon email, that advised him that his bennettelaw.com account had
expired and (among other things) the email associated with that account would not work until the
account was renewed. (P's Opp. at 17.) If he chose to wait a month to renew, and in the
meantime never checked the docket, he can hardly claim it was not his fault that he did not get
NEFs related to this case.

[9] Mr. Bennette devoted a significant portion of his Affirmation to bolster his own
trustworthiness. (*See* Bennette Affirm. ¶¶ 17-25.) He explained:

> I have never been accused of lying. Even soon-to-be ex-wife admitted. In the
> middle of divorce proceedings, this suspicious mother-killer never doubted my
> integrity (Exhibit D). Over the years acquaintances and friends have come to me
> knowing they can count on hearing true, objective advice.
>
> Ironic that I am truthful to a fault I can be accused accurately of being forgetful.
> But I strive to be upright and value a good reputation.

(*Id.* ¶¶ 24-25.) This portion of Mr. Bennette's Affirmation is as unprofessional as it is unhelpful.

equitable consideration, a court may not extend the limitations period by even one day.").

Plaintiff has not argued that equitable tolling is appropriate here, but the facts do not justify it in

any event. Equitable tolling is "only appropriate in rare and exceptional circumstances." *Zerilli–*

*Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (internal quotation marks and

alterations omitted). The person seeking application of the equitable tolling doctrine must have

"acted with reasonable diligence during the time period she seeks to have tolled," and shown that

the circumstances are so extraordinary, that the doctrine should apply. *Chapman v. ChoiceCare*

*Long Island Term Disability Plan*, 288 F.3d 506, 512 (2d Cir. 2002). Mr. Bennette has been

anything but diligent, and Plaintiff's inability to proceed otherwise (the only issue Mr. Bennette

raises) is not sufficiently extraordinary because by definition the issue of equitable tolling only

arises when the case is otherwise barred by the statute of limitations. And, of course, attorney

error or negligence does not suffice for equitable tolling. *See Gov't Emps. Ins. Co. v. United*

*States*, No. 13-CV-4063, 2014 WL 582164, at \*4 (E.D.N.Y. Feb. 14, 2014).

Finally, Mr. Bennette asks the Court to employ its discretion under 28 U.S.C. § 1406(a)

to allow adjudication of this action in the "interests of justice." (Bennette Affirm. at 3.) That

statute relates to venue, which is not at issue in the current proceeding.

The Court regrets this outcome because Plaintiff may have had a valid claim, but it is

well settled that a client is bound by her "attorney's mistake or omission based on ignorance of

the law, failure to follow rules and deadlines, [or] inability to handle [his] caseload . . . ."

*Alvarado v. Manhattan Worker Career Ctr.*, No. 01-CV-9288, 2003 WL 22462032, at \*2

(S.D.N.Y. Oct. 30, 2003) (collecting cases).

> The reason behind this seemingly harsh rule is that generally, the conduct of an
> attorney is imputed to his client, for allowing a party to evade the consequences of
> the acts or omissions of his freely selected agent would be wholly inconsistent with

14

our system of representative litigation, in which each party is deemed bound by the acts of [her] lawyer-agent.

*Id.* (internal quotation marks omitted).[10]

## III. CONCLUSION

Accordingly, Defendants' motion to dismiss the Complaint is GRANTED. The Clerk of

Court is directed to terminate the pending motion, (Doc. 36), and close the case.

**SO ORDERED.**

Dated: April 29, 2019
       White Plains, New York

 

_____
     CATHY SEIBEL, U.S.D.J.

---

[10] Mr. Bennette is directed to provide a copy of this Opinion and Order to Plaintiff.